UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHELBY D. SNYDER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 2:10–cv–00821

Judge Michael H. Watson
Magistrate Judge E.A. Preston Deavers

## ORDER

This matter is before the Court for consideration of the January 5, 2012 Report and Recommendation of the Magistrate Judge. The Magistrate Judge specifically recommended that the Court affirm the decision of the Commissioner of Social Security ("Commissioner"). On January 19, 2012, Plaintiff filed her Objections to the Report and Recommendation. For the following reasons, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

Plaintiff filed for social security disability insurance benefits on October 1, 2003. The medical records reflect Plaintiff suffers from several impairments, including coronary artery disease.[1] On May 9, 2007, an Administrative Law Judge ("ALJ") issued a decision, which ultimately became the Commissioner's final decision, finding that Plaintiff was not disabled. The ALJ determined that although Plaintiff's impairments limit her to a reduced amount of light work, she was still capable of performing her past

---

[1] The Report and Recommendation provides a detailed overview of the medical records and the administrative hearing testimony. (Report & Recommendation 2–10, ECF No. 15.)

work. In reaching this decision, the ALJ rejected the opinions of Plaintiff's two treating physicians and credited the opinion of the medical expert who testified at the administrative hearing. The ALJ did not specifically address obesity within the decision, but did mention Plaintiff's height and weight.

Although framed somewhat differently, Plaintiff's Objections echo portions of her Statement of Errors, which the Magistrate Judge considered. Plaintiff argues that the ALJ erred in favoring the opinion of the medical expert over the opinions of her treating physicians. Additionally, Plaintiff contends that the medical expert, and in turn the ALJ, failed to properly account for Plaintiff's obesity. Pursuant to 28 U.S.C. § 636(b), the Court reviews Plaintiff's Objections *de novo*.

Based on the reasoning and authority within the Report and Recommendation, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's decision and that the ALJ did not err in reaching his decision. The ALJ was reasonable in his weighing of the medical evidence and Plaintiff's treating physicians were not entitled to deference in this case. As the Magistrate Judge emphasized, a treating physician's opinion is not due controlling weight if it is not supported by acceptable medical techniques or inconsistent with other substantial evidence. Report & Recommendation 18, ECF No. 15 (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)). The medical expert's detailed testimony, which highlighted flaws in the treating physicians' opinions, gave the ALJ sufficient reason to doubt the support for those opinions. Additionally, the medical expert, upon review of the entire record, gave his own medical opinion that was less restrictive as to Plaintiff's limitations and similar to an earlier state agency opinion. Finally, as the Magistrate Judge

stressed, Plaintiff's assumption that the medical expert's opinions ignored Plaintiff's obesity while the treating physicians' opinions accounted for it is highly questionable based on the current record. Given these circumstances, the ALJ acted reasonably in deciding to favor the medical expert's opinion.

In addition, to the extent Plaintiff continues to argue that the ALJ failed to properly consider obesity, the Court disagrees. Plaintiff did not stress obesity in his application process or during his disability hearing. As the Magistrate Judge noted, although Plaintiff's height and weight as well as a few select treatment notes may have suggested obesity, the condition was never actually diagnosed. Furthermore, the medical evidence, including Plaintiff's treating physician opinions, did not actually indicate that obesity was impacting Plaintiff's work ability. Given these facts, the ALJ did not err in failing to mention obesity in his decision.[2]

Accordingly, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

IT IS SO ORDERED.

*Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Even assuming procedural error, the Court agrees with the Magistrate Judge that such error would be harmless in this case given Plaintiff's failure to present evidence indicating that obesity was affecting his ability to work.